IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE ALBERTO ORTIZ-SANCHEZ<br>Petitioner<br><br>vs<br><br>YUDITH MATIAS DE LEON, Warden; and<br>ROBERTO SANCHEZ-RAMOS, Secretary of<br>Justice, Commonwealth of Puerto Rico<br><br>Respondents | CIVIL 08-2236CCC |

**OPINION AND ORDER**

Before the Court is Petitioner José A. Ortiz-Sánchez's (hereinafter "Petitioner" or "Ortiz-Sánchez") writ of *habeas corpus* under 28 U.S.C. § 2254 filed *pro se* on October 28, 2008 (**docket entry 2**).  On November 18, 2010, Respondents Guillermo A. Somoza-Colombani[1] and Judith M. Matías-León filed a Motion to Dismiss Habeas Petition as to all Respondents (**docket entry 26**).  On January 25, 2011, the Court ordered Petitioner to respond to said motion to dismiss by February 28, 2011 (docket entry 29), but he failed to comply.  As such, the matter is ready for disposition.  For the reasons set forth below, Petitioner's writ of *habeas corpus* under 28 U.S.C. § 2254 (**docket entry 2**) is hereby **DENIED**.

**I.    BACKGROUND**

Petitioner Ortiz-Sánchez is a state prisoner presently confined in a penal institution of the Commonwealth of Puerto Rico, after being convicted following a jury verdict of robbery and a violation of Article 4 of the Puerto Rico Weapons law and receiving a sentence of forty five (45) years (docket entry 26 at page 1).  Petitioner claims in his *habeas corpus* petition that there were a series of irregularities during the trial held in his local

---

[1]Petitioner brought this action against the Secretary of Justice of the Commonwealth at the time of its filing, Roberto Sánchez-Ramos.  He has since been replaced in that office by Somoza-Colombani, who under Fed. R. Civ. P. 25(d) is automatically substituted as a party.

CIVIL 08-2236CCC                                                    2

criminal case. Amongst them: (a) the prosecutors office withheld exculpatory evidence; (b) the trial judge failed to dismiss the jury once it had been compromised; (c) witnesses' testimony was perjured; (d) he was convicted using circumstantial evidence; (e) there was no corroboration of witnesses' testimony; and (f) ineffective assistance by his trial counsel for failure to present evidence that would have cleared him of the charges. Petitioner's allegations, for the most part, are a random hodgepodge of conclusory assertions of what he perceived happened or should have happened during his trial.

## II.    DISCUSSION

Pursuant to federal law, a prisoner who claims he is being held by a State government in violation of the Constitution or laws of the United States may file a civil lawsuit in federal court seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. A federal court's review of a § 2254 petition is not a direct review of a State court's decision. The petition is a separate civil suit considered as collateral relief. The federal *habeas corpus* is not a constitutional, but rather a statutory, relief codified in § 2254.

Prisoners in state custody who choose to collaterally challenge in a federal habeas proceeding their confinement are required to comply with the "independent and adequate state ground doctrine". See Yeboah-Sefah v. Ficco, No. 07-2585 (1st Cir., February 19, 2009); citing Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). As such Petitioner must meet two initial requirements. First, petitioner is required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings. The highest state court available must have a fair opportunity to rule on the merits of each and every claim which petitioner seeks to raise in federal court. In order to fulfill this exhaustion requirement, the petitioner must have fairly presented the substance of all of his federal constitutional claims to the highest state court. Levine v. Commissioner of Correctional Servs., 44 F.3d 121, 124 (2nd Cir. 1995). The state court must have been apprised of both the factual and legal base of those claims. Grey v. Hoke, 933 F.2d 117, 119 (2nd Cir. 1991). The United States

CIVIL 08-2236CCC				3

Supreme Court has held that in order to satisfy the exhaustion requirement, a petitioner requesting federal *habeas corpus* review is required to present claims to the state supreme court even when its review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999). The burden of proving that a federal habeas claim has been exhausted in state court lies with the petitioner.  Ortiz-Sánchez, however, has not met this initial burden.

In the Commonwealth of Puerto Rico, there is a two-tier system for post conviction relief.  In order for Petitioner to exhaust his state court remedies, Ortiz-Sánchez must either file a Rule 192.1 motion pursuant to the Puerto Rico Rules of Criminal Procedure requesting the trial court to vacate, set aside, or correct the judgment (34 L.P.R.A. App. II, Rule 192.1), or a petition pursuant to section 1741 of the Code of Criminal Procedure requesting a writ of *habeas corpus* (34 L.P.R.A. §§ 1741-1743).  An appeal may be filed from the subsequent denial of a Rule 192.1 motion or of a section 1741 habeas petition.  Once any of said appeals has been denied by the Puerto Rico Court of Appeals, then Petitioner must file a writ of certiorari to the Supreme Court of Puerto Rico, Id.  Thus, pursuant to Puerto Rico law, in order for Ortiz-Sánchez to properly file a section 2254 petition for relief before this Federal Court, he must first exhaust at least one of the two post-conviction remedies provided by the Commonwealth laws to the point of having either a Rule 192.1 motion or a *habeas corpus* petition pursuant to section 1741 of the Code of Criminal Procedure reviewed by the Supreme Court of Puerto Rico (P.R.L.A. 34 section 1779).

In the instant case, Petitioner has failed to show that he exhausted either of the local post-conviction remedies concerning the facts as alleged in his petition.  A review of the Puerto Rico Court of Appeals Resolution dated August 30, 2007 which was submitted by Respondents as an attachment to their Motion to Dismiss (docket entry 26) reveals that said Court concluded that even examining Petitioner's writ in the light most favorable to him it lacked subject matter jurisdiction to entertain the same.  The Court of Appeals reached this determination upon finding that Ortiz-Sánchez had never filed a Rule 192.1 motion with the

CIVIL 08-2236CCC                                              4

Court of First Instance and as such his allegations as to his wrongful conviction could not be entertained for the first time at the appeals level. See Exhibit 1 of docket entry 26.

If Ortiz-Sánchez had filed a Rule 192.1 motion or a *habeas corpus* petition pursuant to section 1741 before the Court of First Instance, the order entered by said court would have been appealable to the Puerto Rico Court of Appeals, and subsequently to the Puerto Rico Supreme Court. Díaz-Castro v. Román-Román, 638 F. Supp. 2d. 189 at 192 (D.P.R. 2010). After said appeals process had been exhausted, then Petitioner could have resorted to this Court under section 2254. The Court reiterates that this is a requirement for all local prisoners challenging their state conviction at the federal level. Sánchez-Roa v. Marrero-Scaraballo, 2010 WL 500403 (D.P.R. 2010). This should have been the procedural process followed by Ortiz-Sánchez, which in turn would have allowed this Court to have jurisdiction over this matter. But since Petitioner failed to avail himself of these proceedings, his federal petition for habeas relief pursuant to section 2254 cannot proceed at this time.

### III.     CONCLUSION

For the reasons stated, the Court concludes that Petitioner José A. Ortiz-Sánchez is not entitled to federal habeas relief on the claims presented. Accordingly, Respondents' Motion to Dismiss (**docket entry 26**) is GRANTED. Judgment will be entered DISMISSING petitioner José A. Ortiz-Sánchez's request for habeas relief under 28 U.S.C. § 2254 (**docket entry 2**), without prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on September 29, 2011.

                                                          S/CARMEN CONSUELO CEREZO
                                                          United States District Judge